UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

A.W.R.Y. ENTERPRISES, INC., d/b/a ACCLAIMED
COMMUNICATIONS ENHANCEMENT                                          PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:08CV-542-S

JSB ENTERPRIZES, INC. d/b/a WIRELESS TOYZ                           DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, JSB Enterprizes, Inc., d/b/a Wireless Toyz ("Wireless Toyz"), to dismiss or, alternatively, to transfer the action to the Eastern District of Michigan (DN 4). The plaintiff, A.W.R.Y. Enterprises, Inc., d/b/a Acclaimed Communications Enhancement ("A.W.R.Y."), has moved for an evidentiary hearing (DN 9)[1].

A.W.R.Y. is a Kentucky Corporation with its principal place of business in Louisville, Kentucky. JSB, a Michigan Corporation, merged with Wireless Toyz, a Delaware Corporation, in 2007 and is now Wireless Toyz, with its principal place of business in Farmington Hills, Michigan.

Wireless Toyz sells mobile phones, PC cards, accessories, and mobile rate plans and services from service providers such as AT&T, Sprint PCS, T-Mobile, and Verizon Wireless. Wireless Toyz originated in Michigan, but has since added stores in other states. There are no stores in Kentucky.

In October 2005, Wireless Toyz entered into a Service Agreement for A.W.R.Y. to provide a handset protection program for Wireless Toyz customers. The agreement was negotiated by telephone and e-mail, and was executed by Wireless Toyz in Michigan. It is undisputed that Wireless Toyz has no presence in Kentucky, has no assets there, is not registered to do business and

---

[1] There is no suggestion that there is a dispute of fact concerning the issue of personal jurisdiction. There has been no request for additional discovery. The motion appears, therefore, to request oral argument. The court will deny the motion, as oral argument in this matter is unnecessary.

does not conduct business there, has sent no premiums or payments into Kentucky, and its principals have never come to Kentucky for any business purpose. A.W.R.Y. does not contend that the court has general jurisdiction over Wireless Toyz. Rather it contends that the court has specific jurisdiction inasmuch as Wireless Toyz contracted with a Kentucky company, and agreed that the contract would be governed by and construed in accordance with Kentucky law.

We find the case of *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000) to be dispositive. In finding that "the mere existence of a contract between Rowlette and an Ohio citizen for seventeen months [was] insufficient to confer personal jurisdiction over Rowlette" (*Id*. at 722), the court quoted *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) in which the Supreme Court stated that "prior negotiations and contemplated future consequences, along with the terms of the contract and parties' actual course of dealing" must be considered to determine whether "the defendant purposefully established minimum contacts within the forum." *Calphalon,* 228 F.3d at 722. The court found that Rowlette's contacts with the forum state were random and fortuitous. Rowlette's contacts with the forum state were limited to (1) entry into a manufacturer's representative agreement which contained a choice of law clause designating the law of the forum, and (2) limited phone, e-mail and fax contacts with the home office located in the forum state. Rowlette conducted business outside of the forum state. The Sixth Circuit found that Rowlette's forum state contacts were not in furtherance of its business, nor did his contacts with the home office evidence an intent to create "continuous and substantial contacts with the forum." Rather, the contacts were attenuated and occurred solely due to the happenstance of the location of the plaintiff's base of operations. Thus the Sixth Circuit concluded that Rowlette had not sought to avail himself of the benefits and protections of the forum state. Indeed, the Sixth Circuit noted that Rowlette would have served as a Calphalon representative regardless of the location of Calphalon's headquarters. *Calphalon*, 228 F.3d 722-23. Thus despite the existence of a contract with the a forum state resident, the court found personal jurisdiction lacking.

- 3 -

We find the case before us strikingly similar to the facts in *Calphalon*. Wireless Toyz contracted for A.W.R.Y. to provide mobile phone insurance to customers who purchased the plans at any of the various Wireless Toyz stores. The contract was in effect for approximately eighteen months. It is undisputed in the record that during that time, Wireless Toyz did not conduct business in Kentucky, did not send premiums there, and did otherwise have any significant contact with the forum which could justify a finding of purposeful availment. The operative facts of the case have not been shown to have arisen from any contact the defendant with Kentucky. *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968). There has been no showing of a substantial connection to the state.[2]

A.W.R.Y. makes much of the fact that there was a Kentucky choice of law provision in the Service Agreement. We note, however, that there was also an arbitration clause which required that arbitration be conducted in Michigan. The Service Agreement does not contain a forum selection clause indicating a particular forum for litigation. The choice of law provision has no bearing on the matter, as the contract as a whole shows no preference for one forum over another.

The motion to dismiss for lack of personal jurisdiction over Wireless Toyz will be granted. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

August 21, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

---

[2]had We do not find *Info-Med, Inc. v. National Healthcare, Inc.*, 669 F.Supp 793 (W.D.Ky. 1987) or the Kentucky cases cited by A.W.R.Y. to be inapposite, as the reach of Kentucky's long-arm statute has been found to be coextensive with the limits of due process, as set forth in *Burger King*, *supra.*, the consistently-applied standard. Rather we find that the facts of record do not establish contacts with Kentucky in this case which are of the nature and quality of those in A.W.R.Y.'s cited cases.